IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RICHARD J. THAYER,

       Plaintiff,

v.                                    Case No. 06-4028-RDR

CITY OF HOLTON,
BRAD MEARS and DAVID LANNING

       Defendants.

_____

**PROTECTIVE ORDER**

      This lawsuit is presently in the discovery phase, and it appears that such discovery will involve the review of confidential personnel information.  Accordingly, good cause having been shown within the meaning of Rule 26(c), Federal Rules of Civil Procedure, and it appearing that the parties consent to entry of this Protective Order, IT IS HEREBY ORDERED THAT:

      1.     All documents produced by the parties during discovery which are designated by them as "confidential," shall be treated as such by all persons who may review the material.  Such confidential documents, and all copies, summaries, compilations, notes or abstracts thereof, shall be used exclusively in this action and for no other purpose.  Upon the conclusion of this action, all confidential records shall be returned to the producing party, and all notes, abstracts or summaries of confidential documents shall be retained in secure storage or destroyed by counsel.

      2.     Documents designated as confidential may be used only in connection with this case and may not be disclosed to persons not parties to this lawsuit, except that the parties may in advance, in writing

to the Court, designate independent consultants who may be granted access to confidential information produced by the other party for the purposes of pursuing this litigation only.  The names of such consultants shall not be disclosed except as provided by the Federal Rules of Civil Procedure.

3.     Independent consultants designated in accordance with paragraph 2, *supra*, shall not be afforded access to confidential information unless they first agree by signing a statement identical to Exhibit A hereto to be bound by the letter and the spirit of this order and not to disclose the confidential information to anyone other than trial counsel for the parties and their respective paralegals, associates and other staff, except as required by lawful judicial process.

4.     If confidential documents are used during depositions, the deposition shall be treated as confidential in accordance with paragraph 1, *supra*.

5.     All deposition testimony by a party or a present or former employee of a party shall be deemed confidential for ten (10) days following receipt of the transcript by the party giving the deposition or counsel for such party.  On or before the expiration of such ten (10) day period, the party giving the deposition shall designate those portions of the transcript it wishes to designate as confidential following the expiration of the ten (10) day period and advise the other party as to such designation.  Each party shall stamp each designated page of their respective copies of the transcript "confidential," and shall indicate on the cover of such transcript those page(s) that have been designated as confidential.

6.      In the event a party wishes to use any information identified as Confidential any transcripts of any nature or portions thereof, exhibits, answers to interrogatories, responses to requests for admissions, and other documents filed or used in hearings in this action, that party shall file a motion seeking leave to file such information used therein under seal.  In the event the court grants the party's motion, such

information shall be maintained under seal by the Court and shall be treated as Confidential.[1]

7.      Documents and other material designated as confidential, pursuant to the terms of this order, may be disclosed to the parties and their trial counsel, persons designated as independent consultants under paragraph 2, *supra*, and employees or professional assistants of trial counsel who have a bona fide need to review the contents of the documents to aid effectively in the preparation of the case for trial. Disclosure to persons other than trial counsel shall be conditioned upon execution of a statement of confidentiality pursuant to paragraph 3, *supra*.

8.      This protective order shall govern all pretrial proceedings, but shall be subject to modification either before, during or after the trial upon the merits, upon application of any of the parties to this lawsuit and for good cause shown.

9.      The provisions of this order shall not affect the admissibility of evidence at trial or any preliminary evidentiary proceeding in open court, except as directed by separate order entered for good cause shown.

**IT IS SO ORDERED**.

Dated this 21st day of June, 2006, at Topeka, Kansas.

s/ K. Gary Sebelius
The Honorable K. Gary Sebelius
United States Magistrate Judge

---

[1]*See, e.g., Holland v. GMAC Mortg. Corp.,* 2004 WL 1534179, at *2 (D. Kan. June 30, 2004) (setting forth standard for obtaining leave to file documents under seal); *Worford v. City of Topeka,* 2004 WL 316073 (D. Kan. Feb. 17, 2004) (same).

**EXHIBIT A**

By signing this document, I hereby certify that I have read the Protective Order entered by the

Court in _____, Case No._____, on the

_____ day of _____, 2005.

I understand that order and I agree to abide by its contents by not disclosing confidential

information to anyone, except as permitted by the Protective Order or otherwise required by lawful judicial

process.

_____                    _____

Dated                                                              Signature

4